IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES | ) | |
|---|---|---|
| | ) | CR 4-24 |
| v. | ) | CV 16-839 |
| KAMAU BAILEY | | |

**OPINION AND ORDER**

**SYNOPSIS**

In this action, a jury convicted Defendant of two Counts of violating 18 U.S.C. § 922(g). On September 12, 2005, Defendant was sentenced to a term of imprisonment of 235 months at each Count, to run concurrently, followed by a term of supervised release. Defendant's sentence was based, in part, on the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e).[1] Before the Court is Defendant's Amended Motion pursuant to 28 U.S.C. § 2255, arguing that his enhanced sentence is invalid. For the following reasons, Defendant's Motion will be denied, and no certificate of appealability shall issue.

**OPINION**

I. **APPLICABLE STANDARDS**

A prisoner in federal custody may move to vacate his or her sentence under 28 U.S.C. § 2255(a) if such "sentence was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255(a). "[R]elief under § 2255 is available only when 'the claimed error of law was a fundamental defect which inherently results in a complete miscarriage of justice, and

---
[1] The matter was transferred to my docket on February 22, 2017.

1

... present[s] exceptional circumstances where the need for the remedy afforded by the writ ... is apparent.'" United States v. Travillion, 759 F.3d 281, 288 (3d Cir. 2014) (quoting Davis v. United States, 417 U.S. 333, 346, 94 S. Ct. 2298, 41 L.Ed.2d 109 (1974)).  A district court need not hold an evidentiary hearing on a Section 2255 motion if the motion, files, and records show conclusively that the defendant is not entitled to relief. United States v. Ritter, 93 F. App'x 402, 404 (3d Cir. 2004).  In this case, an evidentiary hearing is unnecessary, and the Motion will be disposed of on the record.

## II.  DEFENDANT'S MOTION

In his Motion, Defendant asserts that his prior convictions do not provide the requisite predicates required under ACCA.  In particular, Defendant challenges the use of his aggravated assault and robbery convictions as ACCA predicates; he does not challenge the use of his drug offenses.[2]  The Government bears the burden of demonstrating that armed career criminal status is proper.  See, e.g., United States v. Evans, No. 2-01, 2015 U.S. Dist. LEXIS 172471, at *6 (W.D. Pa. Dec. 29, 2015).

Defendant's presentence investigation report ("PSR") stated, "[i]t has been determined that the defendant is an armed career criminal, pursuant to the provisions of U.S.S.G. 4B1.4(a)." In support of this statement, along with a robbery conviction in Ohio, the PSR identifies several convictions in the Allegheny County Court of Common Pleas, at the following docket numbers: aggravated assault at 199102617 and 199102618; aggravated assault at 199201804; robbery at 199209917; and possession with intent to deliver crack cocaine at 199315815 and 199315338.

---

[2] A violation of  35 Pa.C.S.A. § 780-113(a)(30)  can serve as an ACCA predicate, depending on the controlled substance involved. See United States v. Abbott, 748 F. 3d 154, 159 (3d Cir. 2014).  In his pro se filings, Defendant challenged the use of his drug offenses, on grounds that they encompassed "delivery" of a controlled substance. His counseled Amended Motion, which supersedes his prior pro se Motion, does not challenge the validity of the drug offenses as predicate offenses.  Accordingly, today's decision assumes that those offenses were proper bases for the enhanced sentence.

2

Pennsylvania's aggravated assault and robbery statutes have been held divisible, and subject to a modified categorical approach. United States v. Lewis, No. 15-368, 2017 U.S. Dist. LEXIS 10129, at *5 (E.D. Pa. Jan. 25, 2017); United States v. Johnson, No. 99-15, 2015 U.S. Dist. LEXIS 167745, at *7 (E.D. Pa. Dec. 14, 2015).[3] According to Defendant, at issue here are aggravated assault convictions under 18 Pa.C.S. §§ 2702(a)(3), (a)(4), and (a)(5), and robbery convictions under 18 Pa.C.S. § 3701(a)(1)(i) or (a)(1)(ii). Amended Motion to Correct Sentence, Docket No. 117, at pp. 6, 15. Moreover, pursuant to Shepard v. United States, 544 U.S. 13 (2005), the Government has submitted charging and sentencing documents relating to one aggravated assault conviction. Those documents specifically identify the crime as arising under Section 2702(a)(4), and Defendant does not challenge the validity of these documents or the conviction to which they pertain. I will accept Defendant's contentions, and assume that his prior convictions arose under the statutory subsections that he has identified.

Convictions under 18 Pa.C.S. §§ 2702(a)(3) and (a)(4), and 18 Pa.C.S. §§ 3701(a)(1)(i) and (a)(1)(ii), have been held to satisfy ACCA's "force" or "elements" clause.[4] See, e.g., United States v. Pitts, 655 Fed. Appx. 78, 81 (3d Cir. Pa. July 13, 2016); United States v. Weygandt, No. 9-324, 2017 U.S. Dist. LEXIS 29251, at *3 (W.D. Pa. Mar. 2, 2017); Lewis, 2017 U.S. Dist. LEXIS 10129, at **6-7; United States v. Harris, 205 F. Supp. 3d 651, 672, 675 (M.D. Pa. 2016); United States v. Moldanado, No. 10-288, 2016 U.S. Dist. LEXIS 105356, at *14 (E.D. Pa. Aug. 9, 2016); Whitfield v. United States, No. 405-334, 2016 U.S. Dist. LEXIS 111552 (S.D. Ga. Aug. 22, 2016); United States v. Toomer, No. 1-573, 2017 U.S. Dist. LEXIS 63996 (E.D. Pa.

---

[3] Section 3701 has been held indivisible, when a defendant is charged under all three subsections. United States v. Singleton, No. 10-578,, 2017 U.S. Dist. LEXIS 64004 (E.D. Pa. Apr. 26, 2017). According to Defendant, that is not the case here, as Section 3701(a)(1)(iii) is not implicated.

[4] Arguments to the contrary akin to that raised by Defendant – that the causation of bodily injury cannot be equated with the use of force -- have been rejected by other courts. See Harris, 205 F. Supp. 3d at 669.

Apr. 27, 2016).[5] The same is true for Ohio's robbery statute, Ohio Rev. Code § 2911.02. In re Goist, No. 15-3723, 2016 U.S. App. LEXIS 23724, at *4 (6th Cir. Jan. 28, 2016) (citing United States v. Mansur, 375 Fed. Appx. 458, 464 (6th Cir. 2010)).

Because Defendant's Section 2702(a)(4) conviction is the only one accompanied by Shepard documents of record, I separately address Defendant's challenge to the relevance of United States v. Gorny, 655 F. App'x 920, 925 (3d Cir. 2016) (nonprecedential). In Gorny, the Court considered a conviction under Section 2702(a)(4) under the force clause of U.S.S.G. § 4B1.2(a)(1). In so doing, the Court observed that Section 2702(a)(4) requires proof that a defendant caused or attempted to cause bodily injury, and that "it would not be plain error to determine that the causation of bodily injury necessarily requires the use of force capable of causing bodily injury – that is, 'violent force.'" Id. In addition, the Court stated as follows: "We conclude that § 2702(a)(4) is a crime of violence because it 'has as an element the use, attempted use, or threatened use of physical force against the person of another.'" Id. (quoting U.S.S.G. § 4B1.2(a)(1)).

Defendant maintains that Gorny's application of the plain error standard renders the decision unpersuasive here. Defendant, however, does not explain how that standard of review strips the case of its usefulness as guidance. The Gorny Court decided that the District Court's conclusion that Section 2704(a)(4) required "violent force" was not "plain error"– i.e., it was not a clear or obvious deviation from a legal rule. This viewpoint alone is informative. In addition to its plain error finding, moreover, the Gorny court separately stated its affirmative conclusion that Section 2702(a)(4) fulfills the force clause. Indeed, with or without independent or additional analysis, courts within this Circuit have cited Gorny for the proposition that Section

---

[5] Although full analysis of Section 2702 (a)(5) is unnecessary, it bears noting that the language of that subsection mirrors that of (a)(3) and (a)(4). Subsections (a)(3) and (a)(5) used the same phrase "attempts to cause or intentionally or knowingly causes," and differ only as to the identity of the victim.

4

2702(a)(4) qualifies as a violent felony or crime of violence.  See, e.g., Toomer, 2017 U.S. Dist. LEXIS 63996, at \*\*8-9; United States v. Barfield, No. 9-93, 2017 U.S. Dist. LEXIS 27558, at \*\*13-14 (W.D. Pa. Feb. 28, 2017).   In sum, Gorny remains both instructive and persuasive in this case.

In addition, Defendant's argument based on Commonwealth v. Thomas, 867 A. 2d 594 (Pa. Super. Ct. 2005), merits separate mention.  In that case, the Pennsylvania Superior Court considered Section 2702(a)(1), which addresses one who "attempts to cause serious bodily injury to another, or causes such injury intentionally, knowingly, or recklessly under the circumstances manifesting extreme indifference to human life." Id. at 597.  The court observed that "evidence of the use of force or the threat of force is not an element of the crime of aggravated assault," and thus defendant's conviction under that statute – for starving her child to death – would stand.  Id. Contrary to Defendant's contention, the mere fact that the court broadly referred to "aggravated assault" does not necessarily render its statement applicable to all sections of Section 2702.  Given the statutory language at issue, it appears that the court's statement denoted, instead, only the subsection before the court at the time.  Unlike Section 2702(a)(4), Section 2702(a)(1) may be violated by an omission, or a reckless act.  Harris, 205 F. Supp. 3d at 671-72; see also Pitts, 655 F. App'x at 80.  The distinction is material, and Thomas is inapposite here.[6]

As a final matter, Defendant's assertion of the applicable burden is well-taken, as the Government's failure to establish prior convictions may be decisive in some contexts.  In this case, however, Defendant has himself identified the applicable subsections of the pertinent statutes, obviating the need for Shepard materials.  Moreover, even if this Court were to disregard some of Defendant's prior convictions based on the Government's failure to submit

---

[6] Section 2701(a)(4) provides that a person is guilty of aggravated assault if he "attempts to cause or intentionally or knowingly causes bodily injury to another with a deadly weapon."

Shepard-approved documents or on other grounds, the outcome remains unchanged:  Defendant challenges neither the use of his drug convictions as ACCA predicates, nor the Government's documentation of his conviction under Section 2702(a)(4).  Therefore, Defendant's sentence was supported by the requisite number of predicate offenses.  His Motion will be denied.

III. **CERTIFICATE OF APPEALABILITY**

Under 28 U.S.C.§ 2253(c)(2), a "certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right." For the reasons stated above, Defendant has not made such a showing. Therefore, a certificate of appealability will not issue.

## CONCLUSION

In conclusion, Defendant has not demonstrated a fundamental defect which inherently results in a complete miscarriage of justice, or presents the exceptional circumstances contemplated by Section 2255. Accordingly, Defendant's Motion will be denied.  An appropriate Order follows.

BY THE COURT:

/s/Donetta W. Ambrose

_____

Donetta W. Ambrose

Senior Judge, U.S. District Court

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES | ) | |
| --- | --- | --- |
| | ) | CR 4-24 |
| v. | ) | CV 16-839 |
| KAMAU BAILEY | | |

## ORDER OF COURT

AND NOW, this 23rd day of June, 2017, it is hereby ORDERED, ADJUDGED, and DECREED that Defendant's Motion to Vacate is DENIED, and no certificate of appealability shall issue.

BY THE COURT:

/s/Donetta W. Ambrose

_____

Donetta W. Ambrose

Senior Judge, U.S. District Court